UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MELISSA RAMHOLD, an infant by her parent and
natural guardian, THOMAS RAMHOLD,

                              Plaintiffs,

             -against-

NIKE USA, INC., et al.,

                             Defendants.
---------------------------------------------------------------- X

ORDER

08-cv-4794 (ENV) (VVP)

Vitaliano, D.J.

This action was originally filed in the Supreme Court of the State of New York, Richmond County by plaintiff Ramhold, a citizen of New York. It was removed by defendant Nike USA, Inc. ("Nike") to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction, 28 U.S.C. § 1332, since Nike is a citizen of Oregon. Ramhold then filed an amended complaint, naming additional defendants Marking Partners, LLC and 3 For All Partners, LLC, who are citizens of New York. (See Amended Compl., Dkt. Entry No. 10, ¶ 74-80).

By Report and Recommendation dated April 27, 2009, Judge Pohorelsky recommended that the action be remanded to the Supreme Court, Richmond County pursuant to 28 U.S.C. 1447(e) since diversity jurisdiction— the sole basis for subject matter jurisdiction in this Court, was destroyed by the additional named defendants in Ramhold's amended complaint. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)(stating that 28 U.S.C. § 1332 had consistently been held to require complete diversity of citizenship and that, therefore, "diversity jurisdiction does

1

not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original). No objections to Judge Pohorelsky's Report and Recommendation have been timely filed.

In reviewing a Report and Recommendation, this court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's Report and Recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

Because this Court, after careful review, finds no clear error in Judge Pohorelsky's Report and Recommendation, the Court therefore adopts the Report and Recommendation in its entirety. See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 321 (2d Cir. 2001) (citing *Owen* and Strawbridge v. Curtis, 7 U.S. (3 Cranch) 267 (1806), and making the "axiomatic observation that diversity jurisdiction is only available when all adverse parties to a litigation are completely diverse in their citizenships"); see also 28 U.S.C. § 1447(e)("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court"). Accordingly, this action is hereby remanded to the Supreme Court of the State of New York, Richmond County.
SO ORDERED.

DATED:    Brooklyn, New York
            June 22, 2009

                                      ERIC N. VITALIANO
                                      United States District Judge